IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41128
Summary Calendar

UNITED STATES OF AMERICA

                           Plaintiff-Appellee

v.

MICHAEL RAY HARRISON

                           Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-70-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Michael Ray Harrison appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He asserts that the district court erred in denying his motion to suppress because his drug use before his interrogation rendered his waiver of rights involuntary. He has not established that the district court clearly erred in determining that his waiver was knowing and intelligent. United States v. Reynolds 367 F.3d 294, 298-99 (5th Cir. 2004); United States v. Andrews, 22 F.3d 1328, 1340 (5th Cir. 1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harrison contends that the evidence was insufficient to support his conviction because there was no evidence corroborating his confession. There was "'substantial independent evidence that the offense has been committed,'" which was sufficient to establish his guilt. United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995)(quoting United States v. Garth, 773 F.2d 1469, 1479 (5th Cir. 1985)).

Harrison also challenges his 327-month sentence. He asserts that the district court wrongly found enhancements under the Sentencing Guidelines that were not admitted by him or found by a jury, which violates the Constitution. By rendering the Guidelines advisory only, United States v. Booker, 543 U.S. 220 (2005), eliminated Sixth Amendment concerns prohibiting a sentencing judge from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Additionally, any challenge to the sentencing enhancements under U.S.S.G. § 2K2.1 would have no effect on his sentence, as the probation officer reached the same offense level under U.S.S.G. § 4B1.4 by finding that Harrison was a career offender, and Harrison does not challenge this ruling on appeal. Harrison has failed to overcome the presumption of reasonableness in his imposed sentence, which was within a properly-calculated guideline range. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007). Consequently, the judgment of the district court is AFFIRMED.